# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Re-Filed: July 10, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| JAMES I. MORAN, | * | |
| | * | No. 16-1224V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES | * | Joint Stipulation |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

*Kate G. Westad,* Larkin Hoffman, et al., Ltd., Minneapolis, MN, for petitioner.
*Voris E. Johnson,* United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 6, 2019, James Moran ("Petitioner") filed a motion for attorney's fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 44). For the reasons discussed below, I **GRANT** Petitioner's motion for attorney's fees and costs and award a total of **$75,364.07**.

### I.   Procedural History

On September 29, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  Petition at ¶ 1 (ECF No. 1). Petitioner alleged that he suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccination on October 1, 2013. *Id*. Petitioner filed an amended petition on December 19, 2016, alleging the same injury. Am. Petition at 1 (ECF No. 9).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the Ruling will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On September 5, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to Petitioner. Stipulation for Award (ECF No. 37). Respondent denied Petitioner's alleged injury and residual effects were caused-in-fact by the flu vaccination. *Id*. at ¶ 6. Nevertheless, the parties agreed that the issues between them should be settled and a decision should be entered awarding compensation to Petitioner. I adopted the Stipulation for Award as my Decision awarding damages on September 6, 2018. (ECF No. 38).

On March 6, 2019, Petitioner filed a motion for attorneys' fees and costs. Pet. Fees App. (ECF No. 44). Petitioner requests compensation for his attorney, Ms. Kate Westad in the total amount of $75,494.07. This represents $4,055.00 in attorney's fees and $639.21 in costs to Lommen Abdo, P.A. and $57,582.00 in attorney's fees and $13,217.86 to Larkin Hoffman Law Firm. Pet. Fees App. at 1-2.

Respondent filed a response to Petitioner's fees motion on March 7, 2019, indicating that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 45). Petitioner did not file a reply thereafter. The matter is now ripe for adjudication.

**II.      Legal Standard**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a Stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs. (ECF No. 38).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. At 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.     Reasonable Attorneys' Fees and Costs

#### a.  Hourly Rate

##### 1.  Lommen Abdo Fees

Petitioner requests that her attorney, Ms. Westad be compensated at $275.00 per hour for work performed January 2015 through February 2016 at Lommen Abdo, P.A. Pet. Fees App. Attach. 1.  Other special masters and I have found these rates to be reasonable.  *Rus v. Sec'y of Health & Human Servs.*, No. 16-631V, 2017 WL 7053993 (Fed Cl. Spec. Mstr. Dec. 22, 2017); *Fontana v. Sec'y of Health & Human Servs.*, No. 16-1290V, 2017 WL 7542630 (Fed Cl. Spec. Mstr. Dec. 28, 2017); *Renaud v. Sec'y of Health & Human Servs.*, No. 14-04V (Fed. Cl. Spec. Mstr. May 23, 2019); *Choiniere v. Sec'y of Health & Human Servs.*, No. 16-1286V, 2019 WL 518519 (Fed. Cl. Spec. Mstr. Jan. 11, 2019).  I will award Ms. Westad's rate for work performed at Lommen Abdo in full.

Petitioner also requests compensation for paralegals[3] at Lommen Abdo at a rate of $125 per hour.  This rate was found reasonable by other special masters and will be deemed reasonable here.  *Dahl v. Sec'y of Health & Human Servs.*, No. 13-98V, 2018 WL 6818741, at *2-4 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); *Choiniere*, 2019 WL 518519, at *2.

##### 2.  Larkin Hoffman Fees

Petitioner requests that Ms. Westad be compensated at $350.00 per hour for work performed from May 2016 through March 2016 at the firm of Larkin Hoffman.  Pet. Fees. App. Attach. 3.  As noted above, this rate is reasonable and I will award Ms. Westad's rate for work performed at Larkin Hoffman in full.

Additionally, petitioner requests $125 per hour for paralegals and $160 an hour for litigation paralegal at Larkin Hoffman. As discussed previously, the paralegal rate of $125 per hour is reasonable.

However, the requested rate for $160 per hour for a litigation paralegal exceeds the rate at which the Vaccine program reimburses for costs associated with a paralegal for 2016 and 2017.  *See* OSM Attorneys' Forum Hourly Rate Fee Schedule, 2015-2016; 2017.[4]  The "litigation paralegal" only billed 3.7 hours.  Therefore, I will reduce the rate requested for this position to $125 per hour, the same as the rate requested for other paralegals at Larkin Hoffman.  Therefore, the fees requested for Larkin Hoffman will be reduced by **$130.00.**

#### b.  Hours Expended:

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended.  *Wasson*, 24

---

[3] Identified as CLH, TKH, and TL in Pet. Fees App. Attach. 1

[4] Office of Special Masters (OSM) Attorneys' Forum Hourly Rate Fee Schedules, accessed at http://www.cofc.uscourts.gov/node/2914.

Cl. Ct. at 484. Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521.

### 1. Lommen Abdo

Petitioner requested $4,055.00 in attorney's fees for Lommen Abdo, P.A. for 22 hours worked. I find the hours expended by Ms. Westad and the paralegals at Lommen Abdo to be reasonable. Accordingly, Petitioner is entitled to attorney's fees for Lommen Abdo in the amount of **$4,055.00**.

### 2. Larkin Hoffman

Petitioner requested $57,582.00 in attorney's fees for Larkin Hoffman for 203.3 hours worked. I find the hours expended by Ms. Westad and the paralegals at Larkin Hoffman to be reasonable. Accordingly, Petitioner is entitled to attorney's fees for Larkin Hoffman in the amount of **$57,582.00**.

### c. Attorney's Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992).

### 1. Lommen Abdo

Petitioner requested $639.21 in costs for Lommen Abdo, P.A. Pet. Fees App. Attach. 2. The motion requests the costs for medical records, pharmacy records, and copies. These costs are typical of Vaccine Program litigation and Petitioner has provided adequate documentation for these costs. These costs shall be awarded in full. Petitioner is therefore entitled to an award of attorney's costs in the amount of **$639.21** for Lommen Abdo.

### 2. Larkin Hoffman

Petitioner requested $13,217.86 in costs for Larkin Hoffman. Pet. Fees App. Attach. 3-4. These costs include $1991.56 for delivering documents, medical records, the filing fee, and search fees. These costs are typical of the Vaccine Program and Petitioner has provided adequate documentation for these costs. These costs will be awarded in full.

### i. Expert Costs

Petitioner also requested $11,226.30 in expert costs for Dr. Justin Willer. Pet. Fees App. Attach. 4-5. Dr. Willer requests compensation at a rate of $500 an hour. In *Dahl*, the special master stated that Dr. Willer has good qualifications but lacks qualifications like an academic appointment to a premier medical school that distinguishes the highest paid experts and therefore, determined that Dr. Willer should not receive compensation at the highest tier for experts. *Dahl v. Sec'y of Health & Human Servs.*, No. 13-098V, 2018 WL 6818741, at *15-16 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). However, in another case where the parties agreed to settle the case by a joint stipulation, Dr. Willer was compensated at the requested $500 per hour. *Bakken v. Sec'y of*

*Health & Human Servs.*, No. 16-1283V, 2018 WL 4140890, at *1-2 (Fed. Cl. Spec. Mstr. Apr. 24, 2018).

Therefore, the undersigned analyzes the compensation request for Dr. Willer on his work performed in the above-captioned case. In *Bakken,* the petitioner alleged the flu vaccine caused his Gullian-Barré Sydrome ("GBS") and Dr. Willer was compensated at a rate of $500 per hour. In the above-captioned case, the petitioner alleged the flu vaccine was the cause of his CIDP, which is similar to GBS, but has a more prolonged and episodic course.. Dr. Willer provided three very detailed reports. *See* Pet. Ex. 14; Pet. Ex. 25; Pet. Ex. 35. The medical literature provided accompanying his reports were helpful in the understanding of petitioner's condition. Finally, this was a difficult case that ultimately resolved in a stipulation decision. Therefore, I find that compensating Dr. Willer at $500 per hour is reasonable.

I find Dr. Willer's billed hours to be reasonable overall. Pet. Fees App. Attach. 4 at 19. Thus, I will award Dr. Willer's time in full. Therefore, petitioner is entitled to an award of attorney's costs in the amount of **$13,217.86** representing $1991.56 in expected Vaccine Program litigation costs and $11,226.30 in expert costs.

### IV. Conclusion

In accordance with the foregoing, Petitioner's application for attorney's fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorney's fees and costs as follows:

|  | **Lommen Abdo** | **Larkin Hoffman** | **Total** |
|---|---|---|---|
| Attorneys' Fees | $4,055.00 | $57,582.00 |  |
| (Reduction of Fees) | - | -($130.00) | -($130.00) |
| **Total Attorney's Fees** | **$4,055.00** | **$57,452.00** | **$61,507.00** |
|  |  |  |  |
| Attorney's Costs | $639.21 | $13,217.86 |  |
| (Reduction of Costs) | - | - |  |
| **Total Attorney's Costs** | **$639.21** | **$13,217.86** | **$13,857.07** |
|  |  |  |  |
| **Total Amount** | **$4,694.21** | **$70,669.86** | **$75,364.07** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $4,694.21, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable jointly to Petitioner and her counsel's former law firm, Lommen Abdo, P.A.; and**
2) **A lump sum in the amount of $70,669.86, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel's current law firm, the Larkin Hoffman Law Firm.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).